IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MICHAEL ALLEN WILLIAMS, SR.**                                          PLAINTIFF

V.                              CASE NO. 3:17-cv-03039

**CODY CASSELL, Parole/Probation
Officer, Arkansas Community
Corrections; BRIAN ZINI, Assistant
Area Manager, Arkansas Community
Corrections; and ARKANSAS BOARD
OF PROBATION**                                                          DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Michael Allen Williams, Sr., under the provisions of 42 U.S.C. § 1983. Williams proceeds *pro se* and *in forma pauperis* ("IFP"). He is incarcerated in the Searcy County Detention Center ("SCDC").

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff reported to his probation officer, Cody Cassell, on February 8, 2017. Cassell first asked if Williams had paid his probation fees. Williams responded that he had a money order in his pocket to pay the fees. Next, Cassell asked if Williams had a job. Williams replied that he had applied at four different businesses and provided the name of each business. Cassell

responded by telling Williams he was a liar and all he ever did was lie.

Williams alleges Cassell then said something that really shocked him. Williams alleges Cassell said: "If you don't get a job I will shoot you in the face! If I have to work for a living then you do too!" Williams states he was so shocked he did not know what to say. Williams asserts that "[t]he look in his face when he said that to me convinced me without a doubt that he meant exactly what he said." Williams says he was then told to get out of Cassell's office. Williams alleges four other individuals were present. Williams brings only official capacity claims.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d

433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

An exception is recognized "when the state official engaged in a brutal and wanton act of cruelty even though no physical harm was suffered." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (internal quotation marks and citation omitted). In *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986), the court found Burton had stated a constitutional claim where the officer pointed a gun at Burton's head and told him to run so that the officer would have an excuse to shoot him. The court stated that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his . . . custodians." *Id.* at 100. In *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992), the court found no constitutional claim was stated when the officers seated in the front seat threatened to knock out the back-seat occupant's teeth if he did not start talking. "The officers did not threaten Hopson's life, nor did they raise any fist or weapon to Hopson or otherwise take any action to make the threat seem credible." *Irving*, 519 F.3d at 449.

In *Irving,* over a period of several months, the officers opened Irving's cell door so other inmates could attack him; provided an inmate with a razor so he could use it as a weapon to assault Irving; offered to pay inmates to assault Irving; threatened to kill Irving or have him killed; told Irving that they would get him sooner or later; told Irving they wanted him dead; and, referred to Irving as a snitch to incite inmates to assault Irving. *Irving*, 519 F.3d at 445. The court held that the actions were sufficiently serious to implicate the Eighth Amendment given their ongoing nature, the concrete affirmative efforts

to persuade inmates to assault Irving, the efforts to arm Irving's enemies, and referring to Irving as a snitch. It held that "[t]he repeated and credible threats against Irving, if proved to be true, constituted brutal and wanton acts of cruelty that served no legitimate penological purpose and posed a substantial risk of serious harm to Irving's future health." *Id.* at 449-450.

Here, Plaintiff has alleged only the single statement unaccompanied by any affirmative action and no weapon was present. Moreover, the statement was made in front of a number of witnesses. This is not the type of conduct that has been held sufficient to state a constitutional claim.

With respect to Brian Zini, other than listing him as a Defendant, Plaintiff has made no factual allegations against him. An individual may not be held liable under § 1983 merely because he occupies a supervisory position. *See e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (supervisor can incur liability in two ways: "for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices").

With respect to the Arkansas Board of Probation, the court will assume Plaintiff is referring to either the Arkansas Corrections Board or the Arkansas Parole Board. In either event, both are agencies of the State of Arkansas and are not subject to suit. Official capacity claims against state agencies are the equivalent of claims against the State of Arkansas. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (the State and its agencies are immune from suit). The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, the Complaint is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** this 8th day of August, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE